UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELANCE A. BRADSHAW,

    Plaintiff,

v.              Case No. 19-cv-1731-pp

JESSE MOFFITT, JEFF TIMM,
JANE HOOD, ROB BLACK,
and GRAND APPLIANCE AND TV,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND ORDERING PLAINTIFF TO PROVIDE PROOF HE FILED AN ADMINISTRATIVE CLAIM PRIOR TO FILING THIS LAWSUIT**

On November 25, 2019, the plaintiff—representing himself—filed a complaint alleging that his former employer discriminated against him because of his race. Dkt. No. 1. The plaintiff indicated that he is suing for a violation of federal law under 28 U.S.C. §1331. Id. at 4. While the plaintiff did not say as much in the complaint, the court assumes that he is suing under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, which prohibits employers from discriminating against employees based on, among other things, race or ethnicity. The plaintiff has also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

1

The plaintiff filed his lawsuit over fifteen months ago. The court regrets that its congested docket and recent pandemic-related administrative duties have caused a delay in addressing the plaintiff's complaint. The court hopes this order will get the case on track.

I.  **Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The plaintiff's request indicated that at the time he filed it, he was not employed, had no income and was not married. Dkt. No. 2 at 1-2. He received $370 per week in unemployment from the state of Wisconsin—roughly $1,600 each month. Id. at 2. The plaintiff stated that he paid $1,398 monthly in rent, car payments and other household expenses. Id. at 2. He also has two dependents for whom he paid $500 per month in support. Id. at 1. Altogether the plaintiff reported $1,898 in monthly expenses and only $1,600 in income, resulting in a $298 monthly deficit.

The plaintiff owned a 2005 Volkswagen Passat worth approximately $4,700 and had approximately $530 in a checking, savings or other similar account. Id. at 3. He reported owning no other property and had no other monthly expenses. The plaintiff stated that he was starting in a seasonal position sometime after the date on which he filed the complaint and was no longer receiving unemployment. Id. at 4.

2

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion to proceed without prepaying it. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit Court of Appeals has said that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without *ever* paying fees."). The plaintiff must pay the $400 filing fee as he is able.

**II.     Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court

3

must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff alleged that in December 2017 he was offered a driver installer position if he transferred from the defendant's facility in Zion, Illinois to its facility in Appleton, Wisconsin. Dkt. No. 1 at 2. He says that he transferred to the Appleton location in February 2018, and that he faced discrimination immediately upon his arrival. Id. The plaintiff says that he was "the only African American working in the upper north part of Wisconsin," and that as a result, he was "deemed untrustworthy and subjected to unjust treatment." Id. He says that for months, he had to face extreme weather by having to sit outside waiting on other employees, who had keys, to let him in. Id. He alleges that he was humiliated and threatened with harm by Caucasian co-workers who called him "boy," and "with the rising of fist with intimidation with no form of discipline to the aggressor being that he was friends with the warehouse manager." Id.

The plaintiff says that for six months, he was denied days off, which made him "unable to make himself eligible for the position offered upon transfer," meaning that he was denied the right to custom install appliances on commission plus regular hourly pay. Id. He says that this was because the truck was run by the employee who racially discriminated against him. Id. The plaintiff says that someone told him that the position he wanted to make himself eligible for was no longer available, and someone protested against him when he put in a transfer to go back to his original facility. Id.

4

The plaintiff says defendant Grand Appliance and TV fired him on March 1, 2019 for unexcused absences, but he says he was on paid time off "due to an underlying issue at hand with/against (supervisor's, VP & Head of HR." Id. at 3. He mentions defamation of character, intimidation, discrimination, wage suppression, denial of promotions and transfers "based on falsely implemented policies and procedures that weren't real." Id. He also mentions "misinformation & conspiracy" to get him to commit perjury and fraud while denying him grievance forms to be able to document the illegal activities. Id. The plaintiff says that he was retaliated against for acting "under a protected act while being manipulated by staff members with a conflict of interest to employees being that Jane Hood is a relative of the company owners." Id. He says the supervisors, vice president and human resources did not protect employee rights while collaborating in the "negligence" inflicted upon him. Id.

The plaintiff describes several injuries he suffered from the alleged discrimination, including losing temporary custody of his children. Id. He seeks restoration of his job and $500,000 in damages. Id.

"A plaintiff must file a charge of discrimination with an appropriate agency before [he] can file a lawsuit invoking the protections of Title VII." Majors v. GE, 714 F.3d 527, 536 (7th Cir. 2013) (citing 42 U.S.C. §2000e-5(e)(1); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir. 2009)). "In Wisconsin, a plaintiff has 300 days from the alleged discriminatory act to file a complaint with the EEOC or the state Equal Rights Division." Calvin v. Sub-Zero Freezer, Co., 697 F. App'x 874, 875 (7th Cir. 2017) (citing §2000e-

5

5(e)); Johnson v. J.B. Hunt Transp., Inc., 280 F.3d 1125, 1128–29 (7th Cir. 2002)). "A plaintiff's failure to file a timely administrative complaint bars his suit." Calvin, 697 F. App'x at 875 (citing Salas v. Wis. Dep't of Corr., 493 F.3d 913, 921 (7th Cir. 2007)).

The filing of a timely administrative claim is not a jurisdictional prerequisite to suit in federal court; it normally is considered an affirmative defense. Mosley v. Board of Educ. of City of Chi., 434 F.3d 527, 533 (7th Cir. 2006). A district court "abuses its discretion if it dismisses a suit *sua sponte* [on its own] for failure to exhaust unless it is "plain from the face of the complaint that the suit can be regarded as frivolous." Howe v. Litscher, 52 F. App'x 859, 860 (7th Cir. 2002) (citing Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002)). But if a plaintiff suing under Title VII did not file a charge with the EEOC or the Wisconsin Department of Workforce Development Equal Rights Division before filing his federal lawsuit, and the defendant raises that affirmative defense, the court must dismiss any charge that the plaintiff did not present to the EEOC/ERD. See Chaidez v. Ford Motor Co., 937 F.3d 998, 1006 (7th Cir. 2019). This is because a plaintiff filing suit in federal court "may bring only those claims that were included in [his] EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" Geldon v. S. Milwaukee Sch. Dist., 414 F.3d 817, 819 (7th Cir. 2005).

The plaintiff alleges that he was fired on March 1, 2019. Dkt. No. 1 at 3. This means that he had until December 26, 2019 to file either a Charge of

6

Case 2:19-cv-01731-PP    Filed 03/16/21    Page 6 of 10    Document 4

Discrimination with the EEOC or a Fair Employment Complaint with the State of Wisconsin Department of Workforce Development Equal Rights Division. If he filed with either one of those agencies, and the agency decided not to pursue the complaint on his behalf, he would have received either a Notice of Right to Sue letter (if he filed the complaint with the EEOC) or a notice of probable cause/no probable cause (if he filed with the Wisconsin Equal Rights Division). When the plaintiff filed his complaint in district court (on November 25, 2019, thirty-one days before his 300-day deadline to seek administrative relief expired), he did not attach to the federal complaint either a Notice of Right to Sue letter or a notice of probable cause/no probable cause. The plaintiff also did not mention whether he had filed an administrative complaint with either agency.

The court will require that by the deadline the court sets below, the plaintiff must file with the court a copy of either his EEOC Notice of Right to Sue letter or his notice of probable cause/no probable cause from the Wisconsin Equal Rights Division, showing that he filed a complaint with one of those organizations before he filed this federal lawsuit. If the plaintiff does not file proof that he first tried to resolve his claim through the EEOC or the Wisconsin Equal Rights Division before coming to federal court, the court will dismiss the case.

If the plaintiff *did* file a grievance with the EEOC or the ERD before he filed this lawsuit, the court then will need to screen his complaint to determine whether it states a claim upon which a federal court may grant relief. As the

7

complaint is written, the court would have a hard time making that determination. The caption of the complaint names four individuals—Jesse Moffitt, Jeff Timm, Jane Hood and Rob Black. Dkt. No. 1 at 1. But the complaint does not explain what any of these individuals did to discriminate against the plaintiff. The only name the plaintiff mentions in the body of his compliant is Jane Hood, and all he says about Ms. Hood is that she was a relative of the owners of the company. The plaintiff alleges that one particular employee discriminated against him, but he does not give that employee's name. He implies that he didn't have keys so he could let himself into the workplace, but does not say if he ever asked for keys or who denied him keys. He says he was denied days off but does not say who did that. He says that he was fired, but does not say who fired him. He does not say who retaliated against him, does not explain Jane Hood's role in the events he described and does not say why it matters that Jane Hood was related to the company owners.

If the plaintiff did file a grievance with the EEOC or the ERD before he filed this lawsuit and can provide the court with proof, he will need to file an amended complaint providing the court with more information about who discriminated against him. Along with this order, the court is sending the plaintiff an Amended Complaint form. If he has a Notice of Right to Sue or probable cause/no probable cause letter, he may send the amended complaint along with the notice/letter. The amended complaint will take the place of the original complaint, so the plaintiff will need to list in it every person he wants

to sue and describe every fact that supports his claims. He does not need to refer to statutes or case law or make legal arguments. He needs only to tell the court the who, what, when, where and how facts about what happened. The court also is sending the plaintiff the court's "Answers to Pro Se Litigant's Common Questions" pamphlet, which he may find useful if he decides to file an amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that by the end of the day on **April 23, 2021**, the plaintiff must file with the court either a Notice of Right to Sue letter from the EEOC or a notice of probable cause/no probable cause from the Wisconsin Equal Rights Division. The plaintiff must file the document in time for the court to *receive* it by the end of the day on **April 23, 2021**. If the plaintiff does not provide the court with one or the other of those notices by the end of the day on **April 23, 2021**, the court will assume that the plaintiff did not exhaust his administrative remedies before filing this federal lawsuit and will dismiss the case for failure to comply with this order. If the plaintiff provides the court with his EEOC Notice of Right to Sue letter or ERD notice of probable cause/lack of probable cause by the end of the day on April 23, 2021, he must file an

amended complaint in time for the court to receive it by the end of the day on **May 7, 2021.**

Dated in Milwaukee, Wisconsin this 16th day of March, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**